**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 26-cv-02188-RMR

CARLOS ALBERTO SUAREZ SANCHEZ,

      Petitioner,

v.

JUAN BALTAZAR, Warden, Aurora Contract Detention Facility;
GEORGE VALDEZ, Field Office Director of Enforcement and Removal Operations, Denver Field Office;
TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security;
TODD BLANCHE, Acting U.S. Attorney General.

      Respondents.

---

**ORDER**

---

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, and Emergency Motion for Temporary Restraining Order ("TRO"), ECF No. 4. Respondents filed a Response to Order to Show Cause, ECF No. 10, and Petitioner filed a Notice of Related Cases, ECF No. 11, and his Reply, ECF No. 13. The Court has reviewed the Petition, the related briefing, and the applicable case law. As the briefing demonstrates, Petitioner's challenge is fundamentally legal in nature, and, for the reasons outlined below, the Court **GRANTS** the relief requested.

## I.    BACKGROUND

Carlos Alberto Suarez Sanchez ("Petitioner" or "Mr. Suarez Sanchez") is a Venezuelan asylum seeker and has no criminal history. ECF No. 1 ¶ 1. Petitioner fled Venezuela for fear of persecution due to his political opposition to the Maduro Regime. *Id.* ¶ 22. The Department of Homeland Security ("DHS") first encountered Petitioner on October 13, 2023, at Eagle Pass, Texas, and DHS released Petitioner on his own recognizance. *Id*. ¶ 23. From October 2023 through February 17, 2026, Petitioner resided in Colorado and complied with all conditions of his release. *Id*. On February 17, 2026, Petitioner appeared for a routine check in with U.S. Immigration and Customs Enforcement ("ICE") and was re-detained and has been continuously held at the Aurora Contract Detention Facility. *Id.* ¶ 24.

On March 13, 2026, Petitioner filed a § 2241 petition raising three claims: "(1) that his detention is governed by § 1226(a) and that he had not been provided a bond hearing; (2) that his re-detention violated federal regulations and the Fifth Amendment because DHS failed to follow proper revocation procedures; and (3) that detention without a constitutionally adequate bond hearing violated the Fifth Amendment." *Id*. ¶ 25., *see also* ECF No. 1, *Suarez Sanchez v. Baltazar, et al.*, 26-cv-01036-PAB (the "Related Case"). Judge Brimmer granted the petition based on Claim One and ordered a § 1226(a) bond hearing within seven days. *Id*. ¶ 26. Judge Brimmer did not reach a decision on Claims Two and Three. *Id.*

On March 31, 2026, Immigration Judge ("IJ") Gardzelewski conducted a bond hearing and set bond for $15,000. *Id.* ¶ 27. Petitioner now alleges the March 31, 2026,

bond hearing was constitutionally defective because IJ Gardzelewski utilized the wrong burden of proof, did not make an ability to pay finding, and did not consider alternatives. *Id*. ¶¶ 28-31. Petitioner filed a Motion to Clarify (Rule 60(a)) and Alter Judgment (Rule 59(e)) on March 24, 2026. *Id*. ¶ 32, *see also* ECF No. 9, *Suarez Sanchez v. Baltazar, et al.*, 26-cv-01036-PAB. On May 5, 2026, Judge Brimmer denied the motion and closed the Related Case. *Id.* ¶ 33. Petitioner filed a Second Motion for Custody Redetermination in the Aurora Immigration Court On May 7, 2026, which was denied by IJ Buhl-Madsen. *Id*. ¶ 34. Petitioner then filed the present Petition and TRO on May 19, 2026, in light of his upcoming individual asylum merits hearing on June 1, 2026. ECF No. ¶ 35.

## II.    ANALYSIS

Petitioner requests this Court grant either immediate release or a constitutionally adequate bond hearing. ECF No. 1 at 14. Judge Brimmer already determined that Petitioner's detention is governed by § 1226. *See Suarez Sanchez v. Baltazar, et al.*, 26-cv-01036-PAB. The discrete question left for this Court to determine is whether or not the March 31, 2026, bond hearing satisfied due process. ECF No. 13 at 2. Respondents make four arguments as to why the Petition and TRO should be denied: (1) the Petition is barred as successive, ECF No. 10 at 4-7; (2) this Court lacks jurisdiction to review the Immigration Judge's ("IJ") bond decision, *id*. at 7-9; (3) Petitioner has not exhausted his administrative remedies, *id.* at 9-11; and (4) Petitioner's bond hearing was consistent with constitutional requirements, *id*. at 11-13. The Court addresses each of Respondents' arguments below.

### A.  Petitioner is not Barred from bringing this Claim

First, Respondents allege that Mr. Suarez Sanchez's Petition is barred as successive because his present arguments "were brought or could have been brought in a prior habeas petition". ECF No. 10 at 4. To support this argument, Respondents rely heavily on *Stanko v. Davis* to establish that, "if a second or subsequent petition raises a claim that could have been raised in an earlier petition, the petitioner must establish that the omission was not the result of inexcusable neglect in order to proceed on the new claim." 617 F.3d 1262, 1271 (10th Cir. 2010).

While true that under § 2244(a) this Court is not "required to entertain an application for a writ of habeas corpus" when the claims have been decided in a previous habeas action, that does not appear to be the situation in the present case. In the Related Case, Judge Brimmer resolved a statutory question and determined that Mr. Suarez Sanchez's detention should be governed by § 1226, which requires a bond hearing. *See Suarez Sanchez v. Baltazar, et al.*, 26-cv-01036-PAB. Judge Brimmer simply ordered the bond hearing and did not determine whether or not the March 31, 2026, Bond Hearing was constitutionally adequate. *Id.* Thus, Petitioner's due process claims related to the March 31, 2026, bond hearing in his current Petition did not exist at the time he filed his original petition in the Related Case. This Court agrees with Petitioner that logically, he "could not raise a claim regarding the constitutional adequacy of a bond hearing before it occurred," and determines that Mr. Suarez Sanchez's Petition is not barred as successive. ECF No. 13 at 3.

**B. This Court does not Challenge the Merits of an Immigration Judge's Decision**

Next, Respondents argue that this Court lacks jurisdiction to determine whether or not the IJ should have reached a different conclusion. ECF No. 10 at 7. Section 1226(e) states that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). Petitioner does not challenge the IJ Judge's ultimate decision, but rather, "the constitutional adequacy of the *procedures* used: who bears the burden of proof, whether ability to pay was considered, and whether alternatives were addressed." ECF No. 13 at 3. The Court is not setting aside the Immigration Judge's decision, but addresses a constitutional question, which is squarely within this Court's purview. *See e.g. Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). As such, this Court has Jurisdiction over the Petition for the narrow purpose of determining the constitutional issues related to due process.

**C. Exhaustion of Remedies**

Respondents next contend that if this Court determines it does have jurisdiction, this Court should first require Petitioner to exhaust his administrative remedies. ECF No. 10 at 9. In the immigration context, "exhaustion of remedies is statutorily required only for appeals of final orders of removal." *Quintana Casillas v. Sessions*, No. CV 17-01039-DME-CBS, 2017 WL 3088346, at *8 (D. Colo. July 20, 2017) (citing *Hoang v. Comfort*, 282 F.3d 1247, 1254 (10th Cir. 2002), *cert. granted and judgment vacated on other grounds sub nom. by Weber v. Phu Chan Hoang*, 538 U.S. 1010 (2003)). Here, Petitioner

5

is not appealing a final order of removal. Instead, he challenges the constitutional adequacy of the procedures used at his bond hearing. Thus, exhaustion is not mandatory in the present case.

### D. Petitioner's Bond Hearing

Respondents argue that the standard suggested by Petitioner set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) ("Mathews Standard"), is improper here and that Mr. Suarez Sanchez received a bond hearing that comported with due process. ECF No. 10 at 11-13. Petitioner alleges the March 31, 2026 bond hearing was deficient for three independent reasons. ECF No. 1 at 7-8. First, Mr. Suarez Sanchez claims that IJ Gardzelewski improperly placed the burden of proof on Petitioner instead of Respondent. *Id.* Second, that IJ Gardzelewski set the bond at $15,000 without making an individualized finding related to Petitioner's ability to pay. *Id*. Third, IJ Gardzelewski failed to consider less restrictive alternatives. *Id.* This Court agrees with the Petitioner that the *Mathews* Standard should be applied and that his bond hearing did not comport with due process as outlined below.[1]

Multiple Courts in this district have utilized the *Mathews* Standard to analyze due process under similar circumstances.[2] The *Mathews* Standard is an acceptable mode of analysis for the present due process issue. Thus, this Court assesses burden of proof by the "type of process required in a given case" using the *Mathews* Standard. *Vizguerra-*

---

[1] Respondents allege that granting petitioner the relief he requests would effectively overturn Judge Brimmer's order. This Court does not agree. Judge Brimmer's Order and this Order coexist and determine separate legal issues.

[2] *See e.g. Vizguerra-Ramirez v. Baltazar*, No. 25-CV-00881-NYW, 2025 WL 3653158, at *13 (D. Colo. Dec. 17, 2025); *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1180 (D. Colo. 2024); Rafaela Del Carmen Merino-Moran v. Baltazar et al., No. 26-cv-01309-RMR (D. Colo. Apr. 24, 2026).

*Ramirez v. Baltazar*, No. 25-CV-00881-NYW, 2025 WL 3653158, at *13 (D. Colo. Dec. 17, 2025) (citing *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1180 (D. Colo. 2024)). "The *Mathews* test includes three factors: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

First, "the private interest impacted by Respondents' actions is 'the most significant liberty interest there is—the interest in being free from imprisonment.'" *Id.* at *14 (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020)). As Judge Wang notes, "Congress may make rules as to aliens that would be unacceptable if applied to citizens. But that power remains subject to important constitutional limitations. Nor does it erase [Petitioner's] significant interest in being free from detention." *Id.* (citations omitted). Here, Petitioner has been detained for over 100 days and is subject to a bond he cannot pay. ECF No.13 at 9, *see also* ECF No. 1 ¶ 24 ("Petitioner was a Packaging General earning modest wages until the day of his detention; he has had no income since February 17, 2026; and he has no family in the United States with the financial capacity to post bond on his behalf.") Thus, this factor weighs in Petitioner's favor.

Second, the Court analyzes "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional substitute procedural safeguard." *Vizguerra-Ramirez,* 2025 WL 3653158, at *14 (citing *Mathews*,

7

424 U.S. at 335)). In *Vizguerra-Ramirez*, Judge Wang considers the fact that proving that petitioner is neither a flight risk nor a danger to the community puts the petitioner "in the more difficult position of proving a negative." *Id.* The same is true in this case. Also, as Judge Wang notes, "the Court has no reason to doubt that information establishing those risks is within the Government's possession and control." *Id.* Therefore, this factor also weighs in favor of Petitioner.

Third, the Court considers the Government's interest, such as any fiscal or administrative burdens. In *Vizguerra-Ramirez*, Judge Wang reasoned that there is, "no significant administrative or fiscal burden associated with placing the burden of proof with the Government," and that generally, "[T]he administrative burden of a bond hearing is minimal." 2025 WL 3653158, at *14 (citing *Arostegui-Maldonado v. Baltazar*, 794 F. Supp. 3d 926, 943 (D. Colo. 2025) (quotation omitted)). The Court agrees with Judge Wang's assessment and finds that the third factor also weighs in Petitioner's favor. Given this and that the first two *Mathews* factors weigh in favor of Petitioner, the Court finds that the *Mathews* Standard supports shifting the burden of proof at Petitioner's bond hearing to the Government. As such, this Court Orders Respondents to provide Mr. Suarez Sanchez with a constitutionally sufficient bond hearing in which the government bears the burden of proof and complies with the *Mathews* Standard within 48 hours of this order. This Court need not address Petitioner's second and third arguments as to why the March 31, 2026, bond hearing was deficient because this relief grants petitioner's underlying request for a constitutionally adequate bond hearing.

### III.    CONCLUSION

Accordingly, consistent with the foregoing analysis and based on the Court's review of the filings and documents before the Court, pursuant to the Court's authority under 28 U.S.C. § 2241(c)(3), **IT IS HEREBY ORDERED THAT**:

1. Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**;

2. Respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a), at which the Government shall bear the burden of justifying by clear and convincing evidence of dangerousness or flight risk, within **48 HOURS** of the date of this Courts order;

3. Respondents shall file a status report by close of business **June 3, 2026** indicating whether the bond hearing was held and whether bond was granted or denied; and

4. Petitioner's Emergency Motion for Temporary Restraining Order, ECF No. 4, is **DENIED AS MOOT.**

DATED: May 28, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
United States District Judge